UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50154
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO VARGAS-URIBE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(P-94-CR-36-2)
_____

February 21, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Alfredo Vargas-Uribe appeals his conviction for conspiracy and possession with intent to distribute marijuana. We **AFFIRM**.

I.

Following a concerned citizen's report to border patrol agents about suspicious activity approximately three miles from the Mexican border, border patrol agents conducted surveillance and stopped vehicles driven by Vargas and a co-defendant. The co-defendant had a pair of pliers in his pocket, and his van contained

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

marijuana.  Vargas consented to a search of his vehicle, in which agents found a package for pliers consistent with those found in the co-defendant's pocket.  Vargas accompanied agents to the border patrol station for additional questioning, waived his rights, and confessed to being involved in an operation to smuggle marijuana across the border.

Vargas moved to suppress the pliers package and his confession.  After conducting an evidentiary hearing and receiving additional briefing on the lawfulness of the stop, the district court denied the motion.  Following a bench trial, Vargas was convicted; he was sentenced to 76 months imprisonment.

## II.

Vargas contends that his initial detention and the subsequent search and interrogation were conducted without probable cause or reasonable suspicion.  In reviewing a suppression ruling, we view the evidence in the light most favorable to the prevailing party, and will affirm "if there is any reasonable view of the evidence to support" the ruling.  **United States v. Tellez**, 11 F.3d 530, 532 (5th Cir. 1993), *cert. denied*, ___ U.S. ___, 114 S.Ct. 1630 (1994).  We will accept the district court's factual findings unless they are clearly erroneous, but its legal conclusions are subject to plenary review.  **Id**.

A border patrol agent conducting a roving patrol in a border area may make a temporary, investigative stop of a vehicle if specific, articulable facts warrant a reasonable suspicion that the occupant of the vehicle is engaged in illegal activities.  **United**

*States v. Casteneda*, 951 F.2d 44, 46-47 (5th Cir. 1992). In assessing the evidence, we examine the totality of the circumstances as understood by those versed in the field of law enforcement, seeking grounds for reasonable suspicion that the individual being stopped was engaged in wrongdoing. *United States v. Diaz*, 977 F.2d 163, 164-65 (5th Cir. 1992). Factors to be considered include the characteristics of the area, its proximity to the border, usual traffic patterns, the agent's previous experience with criminal traffic, information about recent illegal border crossings in the area, the characteristics of the vehicle, and the behavior of the driver. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975).

After examining the totality of the circumstances surrounding the stop, and in particular, the concerned citizen's report that the vehicles were acting in tandem, which was corroborated by the agents' observations, the experience of the agents with look-out and load vehicles, and the prevalence of drug trafficking in the area and its proximity to the border, we conclude that the agents had reason to suspect that Vargas was engaged in unlawful activity. Accordingly, the district court did not err in denying the motion to suppress.

## III.

For the foregoing reasons, the judgment is

**AFFIRMED.**